IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-20139
Summary Calendar

———————————

UNITED STATES of AMERICA,

Plaintiff-Appellee,

versus

DELANO R. MARTIN,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CR-219-1)

November 4, 1997

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Delano Martin appeals his sentence contending that the district court erred in departing upward. Specifically, Martin argues that no basis exists for the district court's departure and that the district court's asserted justification for its departure is encompassed by U.S.S.G. § 2F1.1(b)(4).

Since Martin failed to raise these issues below, we review for plain error only. United States v. McDowell, 109 F.3d 214, 216

———————————

Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

(5th Cir. 1997).  Under Federal Criminal Rule of Procedure 52(b), this court may correct forfeited errors only when an appellant shows that there is an error, the error is clear or obvious, and the error affects his substantial rights.  Id.; United States v. Calverly, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), cert. denied, 513 U.S. 1196 (1995).  Even if these factors are established, this court may decline to exercise its discretion and correct the error unless the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." McDowell, 109 F.3d at 216.  After carefully reviewing the record in the present case, we hold that the district court's decision to depart upward does not present plain error requiring correction. The district court gave acceptable reasons for its departure, and the extent of the departure was not unreasonable in light of Martin's conduct.

Martin also contends that defense counsel rendered ineffective assistance at sentencing by failing to object to the upward departure.  Since Martin's claim refers to matters outside the record, we decline to address this issue.  See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987), cert. denied, 484 U.S. 1075 (1988).

Therefore, for the foregoing reasons, the district court's judgment is

AFFIRMED.